The opinion of the court was delivered by
Gibson, J.
John Long devised to his daughter Elizabeth, the. •half of his estate, real and personal, and directed his executors to put it out at interest, during her life, and pay the proceeds to her. “ The rest, or remaining part,” to use his own words, he gave to his brothers and sisters; and the question is, whether the daughter is entitled to the half that remains after payment of the debts, or whether the debts are to be considered as having been paid out of the residuary part devised to the brothers and sisters. Actual intention of the testator is out of the question. It is probable, the matter never was the subject of his thoughts, and we are compelled to look for intention where none in fact exists.
In the absence of clear, actual intention, and where the devise is a provision for a child, the construction ought to be as favourable as the words will bear; and the word estate, may well mean what a man has in possession, without regard to the state of his debts ; and in common parlance, it is usually understood so, although strictly speaking, it means what he has clear of demands against it. In relation to the real estate, the question would be clearly with the plaintiff who is the heir at law, and could not be disinherited, except by plain words. Another strong feature is, that the devise to the brothers and sisters, is of a residuary nature; and residuary bequests generally bear the burthen of the debts. But 1 found my opinion chiefly on the consideration, that the bequest to the plaintiff is a provision for a child, which will always be decreed as favourably for the child as the words will bear.
The daughter was empowered to dispose of her half by will; but, the executors were directed to put it out at interest during her life, and pay her the proceeds. The executors are both dead, and from this has arisen a question, whether at the death of the survi *255 vor of them, the trust vested in his administrators, or whether the daughter is entitled to the possession of the fund. It is perfectly clear, that the trust, which was a personal confidence in the executors, did not vest in the administrator of the survivor of them,* for the same reason that the administrator of an executor is not the ex-cutor of his intestate’s testator; and it is as clear, that the daughter is entitled to have immediate possession of the fund. Chancery will never suffer a trust to fail for want of a trustee, and although, we cannot arrive at exactly the same result,- we approach it as nearly as we can, by delivering the fund, to the cetuique trust. There might be a difference, if the cetui que trust were a feme covert, for I apprehend, the husband would in that case, not be permitted to touch the fund, without securing it to her precisely as it stood in the hands of the trustees. But here the daughter survived her husband, and as there is no bequest over, she is entitled to her half of the estate absolutely.
The assets in the hands of the administrators of the surviving executor, are deficient, and the daughter claims to be paid as a judgment creditor, having obtained a decree of the Orphans’ Court, as it is alleged, for her share, on a settlement of the administration account, in the life time of the surviving executor. In the order of paying debts, the decree of a Court of Chancery, stands in the degree of a judgment at law; not directly, but in effect, as Chancery, although the executor cannot plead such decree, or give it in evidence at law, will protect him by’an injunction against proceedings at law for a devastavit, in consequence of having yielded obedience to it. But although our Orphans’ Court, in many respects resembles a Court of Chancery of limited jurisdiction, there is no colour to say, the plaintiff had obtained a decree for her legacy; nor do I see bow she could obtain it, for I am far from being convinced, that the Orphans’ Court has jurisdiction in cases of legacy. The executor had obtained a decree of confirmation of the settlement of his administration account, by which it appeared, there was a balance in his hands; but such decree has not one attribute of a judgment against him, being neither a debt of record, a lien on his lands, nor even an order to.pay over the balance.
The last exception is to the judgment, or rather to the verdict. The defendants pleaded non assumpsit and payment; that no assets had come to .their hands; and plene administraverunt generally. The jury found assets to the value of 1,822 dollars 90 cents, unadministered, in the hands of John M‘Cameron,. one of the defendants, and also found that the plaintiffs demand was 1,829 dollars 44 cents, and that her proportion of the assets was 488 dollars, 8 cents, which latter sum they found for her: so that although all the pleas of the defendants, at least as regards one of them, were found against, him, the plaintiff had a verdict for only a part ofher claim. It is evident, that the jury made the deduction in consequence of the existence of debts of equal or superior degree. But *256 the law is settled, that where an executor has assets, but not a sufficiency to satisfy all the debts, he can protect himself only by pleading a special plane administravit of all beyond a sum sufficient to satisfy debts of a higher nature, (if there be any,) and to pay the other debts of equal degree, their pro rata proportion; and that plea should have been pleaded here. The only exception to this is, a retainer by the executor for his own debt, where he may prefer himself, because by retaining he pays himself, and thus, actually administers the assets retained; and this, in England, where retainer is permitted, may be given in evidence under a general plene administravit. But our act of assembly, while it makes it the duty of the executor to pay debts of equal degree, in proportion to their amount, and thus excludes the right of retainer, on the other hand, protects him from being compelled to pay any creditor more than his proportion. But then, the existence of such debts must be pleaded specially, for the same reason that debts of superior degree must be pleaded specially. Without this, the jury have no right to apportion the assets ; for the proportion of the plaintiff, in relation to the other creditors, forms no part of the issue which they are empannelled to try; and if they intermeddle in a matter not submitted to them, the court ought not to receive their verdict. Here the judgment is rendered on such a verdict, and it is error.
Judgment reversed and a venire facias de novo awarded.